UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LOUIS C KEYS,

        Plaintiff,

v.

                                       Case No. 24-cv-0500-bhl

STARBUCKS and MR. JOHNSON,

        Defendants.

---

## SCREENING ORDER

---

On April 25, 2024, Louis C. Keys, a prisoner currently held at the Hennepin County Public Safety Facility in Minnesota, filed a *pro se* complaint against "Starbucks and its owners, CEO's etc.," alleging violations of his constitutional rights when he was denied entry into a Starbucks outside Oshkosh, Wisconsin. (ECF No. 1.) This matter comes before the Court on Keys's motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP).

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

A prisoner plaintiff seeking to proceed IFP is required to file a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(a)(2), (b)(1). After being alerted to these requirements, on May 13, 2024, Keys filed a letter explaining his unsuccessful attempts to provide a copy of his trust statement and asking the Court to allow him to "proceed some way some how." (ECF No. 3.) The Court interpreted this letter as a motion to proceed without prepayment of the filing fee and allowed him until June 14, 2023 to provide his trust account statement. (ECF No. 6.) Keys complied on June 3, 2024, (ECF No. 10), and the Court then ordered him to pay an initial partial filing fee of $7.27. (ECF No. 11.) Keys paid the partial fee on June 20, 2024, and his motion for leave to proceed without prepaying the filing fee will therefore be granted.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Keys alleges that he was denied entrance to a Starbucks either in or near Oshkosh, Wisconsin at around 1:30 p.m. on an uncertain date in early January, presumably 2024. (ECF No. 1 at 4, 6.) He had walked half a mile to the Starbucks with his girlfriend to get hot coffee and "get out of the cold, get dry, etc." (*Id.* at 4.) But Starbucks staff "locked all the doors" and denied them entry "due to [his] skin color alone." (*Id.* at 4–5.) Keys stood outside in "freezing cold [temperatures], snow, rain, and hail[] getting wet for almost an hour" but was not allowed entrance while white customers were let in. (*Id.* at 5.) Keys was told he "didn't fit or 'belong' inside" and

was laughed at by Starbucks staff. (*Id.* at 5, 8.) He was also told to stand in the drive-through and he could "maybe" get served. (*Id.* at 8.) Keys asked for a manager and was told the manager, "Kayla," refused to allow him to enter. (*Id.* at 8–9.)

Keys "suffered frostbites, cold and pneumonia" from the incident, as well as "chest and neck aches and pain." (*Id.* at 6.) Following the incident, he was "rushed to the E.R. for flu[] and cold." (*Id.* at 9.) Keys also alleges the incident has had a significant negative impact on his mental health, leading to treatment at the hospital. (*Id.* at 6.) He indicates that prior to the incident he was "a proud American" but now hates himself "for being black." (*Id.*) Keys filed grievances with Starbucks but was "made offers of very little amounts from all of the entire chain of command." (*Id.* at 9.)

Keys's complaint names "Starbucks and its owners, CEO's etc." as defendants. He indicates he is suing them for violations of his federal rights under both *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. More specifically, he alleges violations of the Eighth Amendment prohibition on cruel and unusual punishment and "whatever violations the courts deem violations that I don't state." (ECF No. 1 at 3.) On May 13, 2024, Keys filed a motion to amend his complaint to add "store manager Kayla" and "regional manager John Antoneiki" as defendants. (ECF No. 5.) On May 31, 2024, he filed another motion, this time seeking to amend his complaint to identify the Starbucks location where the incident occurred (1150A S. Koeller St., Oshkosh, WI 54902). (ECF No. 8.) On June 3, 2024, Keys also filed a motion to proceed before a magistrate judge and for an extension of time to determine the accurate date and time of the incident. (ECF No. 9.)

## ANALYSIS

Because Keys's complaint, even as amended,[1] does not allege plausible violations of the Eighth Amendment, it will be dismissed at screening, but *without prejudice*. The primary problem with Keys's complaint is that he seeks to sue Starbucks and its employees and executives for violations of his Eighth Amendment rights. These defendants are a private company and individuals, and neither *Bivens* nor Section 1983 imposes liability on private actors. *Bivens* allows a plaintiff to sue federal officials for violations of certain constitutional rights. 403 U.S. at 389.

---

[1] Although a request to amend a pleading generally requires that the movant attach a complete version of the revised pleading and Keys's motions to amend fail to comply with this requirement, the Court will grant his motions. Keys is advised, however, that if he seeks to file a further amended complaint, he needs to restate all of his allegations. The amended complaint will supersede all previously filed pleadings and must stand on its own.

Section 1983 similarly allows a plaintiff to sue state and local officials for violations of federal law. *See Bradley v. Village of University Park*, 920 F.3d 875, 880 (7th Cir. 2019). As private actors, neither Starbucks nor its agents can be held liable for alleged constitutional violations, under these or any other federal statutes. *See Hershinow v. Bonamarte*, 772 F.2d 394, 397 (7th Cir. 1985). Moreover, the Eighth Amendment prohibits cruel and unusual *punishments*; it applies to "criminals who are serving a sentence". *Anderson v. Gutschenritter*, 836 F.2d 346, 348–39 (7th Cir. 1988). It has no application to the actions of a private business. *See id.* Nothing in Keys's complaint remotely implicates the Eighth Amendment.

Keys also offers a generic invocation of "whatever violations the courts deem violations that I don't state." (ECF No. 1 at 3.) While *pro se* complaints are held to a less stringent standard than a formal pleading drafted by a lawyer, *Alvarado v. Litscher*, 267 F.3d 648, 650 (7th Cir. 2001), it is not this Court's job or the defendants' obligation to identify Keys's legal theories for him. As the party hailing another person into court, Keys has the obligation to identify the legal claims he seeks to pursue with sufficient detail to give the opposing parties fair notice of the claims against them. *See* Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (quoting *Twombly*, 550 U.S. at 555).

Because Keys is proceeding without a lawyer, the Court will allow him another chance to file an amended complaint that states appropriate claims. If he chooses to proceed with this case, he should allege sufficient facts to support a claim against the defendants he names. For example, Keys's allegations of racial discrimination might more plausibly implicate 42 U.S.C. § 1981, a different civil rights statute that prohibits discrimination by private parties. Any such claims must be supported by sufficient factual allegations to support a finding of discrimination. Keys cannot simply assert that he was discriminated against because of his race; he must allege facts that plausibly suggest the defendants acted because of his race. Any amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede his prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). Keys should include all allegations he wishes to make within his amended complaint, as future motions to amend may not be granted by the Court. If Keys wishes to continue with this lawsuit, his amended complaint must be filed by **August 9, 2024**.

The Court cannot grant Keys's request to proceed before a magistrate judge. Under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, assignment to a magistrate judge is only appropriate with the consent of all parties. If the defendants in this case also consent to proceed before a magistrate judge, the Court will order the case transferred at that time. Until then, that motion is also denied without prejudice. There is no current deadline to identify the location where the incident occurred so Keys's request for an extension is also denied.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Keys's motions for leave to proceed *in forma pauperis*, (ECF Nos. 3 & 7), are **GRANTED**.

**IT IS FURTHER ORDERED** that Keys's motions to amend the complaint, (ECF Nos. 5 & 8) are **GRANTED**.

**IT IS FURTHER ORDERED** that Keys's motion to proceed before a magistrate judge and for an extension of time, (ECF No. 1), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Keys's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If Keys wishes to proceed with this lawsuit, he must file an amended complaint. An amended complaint must be filed with the Court on or before **August 9, 2024**. If the Court does not receive Keys's amended complaint by that date, the case will be dismissed for his failure to prosecute pursuant to Civil L.R. 41(c) and for failure to state claim.

Dated at Milwaukee, Wisconsin on July 9, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge