LOUIS C KEYS,

        Plaintiff,

        Case No. 24-cv-0500-bhl

v.

STARBUCKS et al.

        Defendants.

## SCREENING ORDER

        On April 25, 2024, Louis C. Keys, a prisoner currently held at the Hennepin County Public Safety Facility in Minnesota, filed a *pro se* complaint against "Starbucks and its owners, CEO's etc.," alleging violations of his constitutional rights when they denied him entry into a Starbucks outside Oshkosh, Wisconsin. (ECF No. 1.) The Court screened the complaint on July 9, 2024, and concluded that Keys had failed to state a claim for relief but gave him leave to file an amended complaint. (ECF No. 17.) Keys filed an amended complaint on July 18, 2024, elaborating on his prior allegations and naming "Starbucks," (presumably Starbucks Corporation), a local Starbucks manager named "Kayla," and two other individuals, John Antoinelie, and Kevin Johnson, as defendants. (ECF No. 18.) As explained below, the Court will allow Keys to proceed with a race discrimination claim under 42 U.S.C. § 1981 against Starbucks. While Keys also alleges sufficient facts to state a claim against store manager "Kayla," he has not provided sufficient information to identify and serve her so he cannot proceed with claims against her at this time. Once the Court sets a schedule in this case, Keys will have the chance to take discovery to try to identify "Kayla" and, if he does, the Court will allow him the chance to amend his pleading to add her to the case. As for the other two named defendants, Keys has not provided a plausible basis for suing them and his claims against them will therefore be dismissed.

### SCREENING THE COMPLAINT

        In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with

the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

### ALLEGATIONS OF THE COMPLAINT

In his amended complaint, Keys alleges that he was denied entrance to a Starbucks in Oshkosh, Wisconsin during the first week of January 2022. (ECF No. 18 at 2.) When Keys attempted to enter the store, a white male employee prevented him from doing so. (*Id.*) The employee met him at the door and asked "can I help you[?]" to which Keys replied that he and his "girl" would like to enter and get served, get warm, pay, and leave. (*Id.*) Keys was not allowed to enter and was told that the manager, "Kayla" did not want him to "upset the customers." Keys asked "was it my skin" and was laughed at and told to stand in the drive-thru because he didn't "fit in" or "belong." (*Id.* at 3.) Keys asked to speak with the manager but was told to "go back where you come from because this is Starbucks and [you're] not getting coffee here." (*Id.*) Keys alleges he was explicitly told that he was denied entrance due to his race and that the employee's

orders "came from Kayla . . . and her supervisors." (*Id.*) He was never allowed inside, while several white customers were. (*Id.*) The ordeal lasted over an hour and occurred during "freezing cold temperatures while it just began to rain, sleet, and snow." (*Id.* at 2–3.)

Keys does not indicate whether he is suing under state or federal law. He requests $25,000,000 in punitive damages and $25,000,000 "for emotional and mental anguish and the physical pain and discomfort."

## ANALYSIS

Keys alleges that he was denied entry to Starbucks on account of his race. While his amended complaint does not invoke a specific legal theory, his factual allegations implicate 42 U.S.C. § 1981, which prohibits racial discrimination by private actors against those seeking to make and enforce contracts. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 447 (2008). To state a Section 1981 claim, Keys needs to allege that (1) he is a racial minority; (2) he was intentionally discriminated against because of his race; and (3) the discrimination concerned the making or enforcing of a contract. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006). Keys alleges that he was denied entrance to make a purchase at Starbucks due to his race, while white customers were allowed to enter. This is sufficient, at least at screening, to state a Section 1981 claim against Starbucks. *See Morris v. Office Max, Inc.*, 89 F.3d 411, 413–14 (7th Cir. 1996) (noting that denial of admittance is sufficient to sustain a Section 1981 claim).

Keys also alleges sufficient facts to state a claim against the local store manager "Kayla." Unfortunately, he has not sufficiently identified her to allow for service. Accordingly, the Court will not allow him to proceed on this claim at this point. If Keys can achieve service on Starbucks, he may be able to take discovery and identify Kayla's full name and seek leave to amend his complaint to add her as a proper defendant. Keys is also free to engage in other discovery to try to identify her. Until he does, however, he cannot sue a person he cannot identify.

Keys does not sufficiently allege claims against the other defendants. The amended complaint does not provide any information about defendants John Antoinelie, and Kevin Johnson. In prior filings, Keys indicated that John Antoinelie is a Starbucks regional manager, (*see* ECF No. 5), and public records indicate that Kevin Johnson was President and Chief Executive Officer of Starbucks at the time of the alleged incident. *See Starbucks Announces Leadership Transition*, Starbucks (Mar. 16, 2022), https://stories.starbucks.com/press/2022/starbucks-announces-leadership-transition/. But Keys does not allege that either of these individuals was personally

involved in the discrimination against him. Accordingly, they cannot be held liable. *See Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985) (holding that an individual corporate official cannot be held liable under Section 1981 when that official is not alleged to have participated in the discrimination against the plaintiff). Accordingly, Keys may proceed with his Section 1981 claim only against Starbucks.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Keys is permitted to proceed with a race discrimination claim against Defendant Starbucks Corporation. Pursuant to Federal Rule of Civil Procedure 4(c)(3), the United States Marshals are directed to serve the complaint, a waiver of service form and/or the summons, and this order upon Defendant Starbucks Corporation. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Keys is now also required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing parties or their attorneys. Keys should also retain a personal copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the defendants or their attorney(s). Keys is further advised that his failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil Local Rule 41.

**IT IS FURTHER ORDERED** that all claims against Defendants "Kayla," John Antoinelie, and Kevin Johnson are **DISMISSED**.

**IT IS FURTHER ORDERED** that the agency having custody of Keys shall collect from his institution trust account the $342.73 balance of the filing fee by collecting monthly payments from Keys's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Keys is

transferred to another institution, the transferring institution shall forward a copy of this Order along with Keys's remaining balance to the receiving institution.

Dated at Milwaukee, Wisconsin on August 2, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge