# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LOUIS C. KEYS,

                    Plaintiff,

        v.                                    Case No. 24-CV-500

STARBUCKS,

                    Defendant.

# ORDER

## 1. Introduction

Plaintiff Louis C. Keys, representing himself, alleges that Starbucks' employees violated his rights under 42 U.S.C. § 1981 when he was denied entry into a Starbucks' café and thereby prevented from purchasing coffee. (ECF No. 18.) Starbucks has moved for summary judgment, arguing that Keys has no evidence to support his claim. (ECF Nos. 45, 46.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 14, 26) and the matter is ready for resolution.

## 2. Preliminary Matters

Before considering the merits of Starbucks' motion for summary judgment, the court must note that Keys did not comply with the court's local rules relating to summary

judgment motions.[1] *See* Civ. L. R. 56 (E.D. Wis). The local rules require a party opposing a motion for summary judgment to file a response to the moving party's statement of undisputed facts and to identify any additional relevant facts. *See* Civ. L. R. 56(b)(2). These requirements help the court determine which facts are disputed and why. The opposing party's response must reproduce each numbered paragraph from the moving party's statement of facts and respond to each fact. *See* Civ. L. R. 56(b)(2)(B). If a fact is disputed, the party opposing the motion for summary judgment must cite an affidavit, declaration, or other evidence in the record to support the position that the fact is in dispute. *See id*.

In addition, if the opposing party believes there are additional facts that prevent the entry of summary judgment for the moving party, he should include a statement consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support each additional fact. *See* Civ. L. R. 56(b)(2)(B)(ii).

Although Keys claims to dispute many of Starbucks' proposed findings of fact, he did not cite to any evidence to support his position that a genuine dispute exists as to the particular facts. (ECF No. 64.) He also did not file his own proposed findings of fact, instead asserting additional facts in his declarations opposing Starbucks' motion. *Id*.

---

[1] The court provided Keys' a copy of its procedures for summary judgment with the scheduling order. (ECF No. 34.)

District courts are entitled to construe *pro se* submissions leniently and may overlook a plaintiff's noncompliance by construing the limited evidence in a light most favorable to the plaintiff. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Because Keys is *pro se*, the court will liberally consider the facts set forth in his declarations. *See Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) (stating that "a trial court is obligated to give a liberal construction to a *pro se* plaintiff's filings"). As for facts about which Keys lacks personal knowledge, the court will deem Starbucks' proposed findings of fact admitted. *See Robinson v. Waterman*, 1 F. 4th 480, 483 (7th Cir. 2021); *see also Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995) (holding that the failure to properly contest facts constitutes admission of those facts).

Keys also requests more time for discovery. (ECF No. 67.)[2] The discovery deadline set forth in the court's scheduling order was May 21, 2025. (ECF No. 34.) Although the court is mindful of his *pro se* status, Keys does not, as required by Rule 56(d), show by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition to the defendant's motion. *See F.C. Bloxom Co. v. Tom Lange Co. Int'l, Inc.*, 109 F.4th 925, 935 (7th Cir. 2024) (stating that a party must "identify with specificity the information that additional discovery is expected to uncover"). The court therefore denies Keys's request for more time for discovery.

---

[2] Keys makes this request in the last paragraph of his response to the Declaration of Troy Devoe.

With these considerations in mind, the court now turns to the substance of Starbucks' motion for summary judgment.

### 3. Facts

Starbucks operates a café in Oshkosh, Wisconsin (hereinafter, "the café"). (ECF No. 47, ¶ 1.) From 2021 to 2022 the café occasionally experienced sewer backups. (ECF No. ¶ 3; ECF No. 48, ¶ 3; ECF No. 49, ¶ 3; ECF No. 50, ¶ 3.) When this happened, the café closed its lobby to new customers by locking the doors, asking those customers in the lobby to leave promptly and completing service for those customers waiting for their orders to be filled. (ECF No. 47, ¶ 4; ECF No. 48, ¶ 3; ECF No. 49, ¶ 3.)

On December 9, 2021, Jayce Hall, a Starbucks employee, saw that a toilet in a customer bathroom was backed up and overflowing. (ECF No. 47, ¶ 6; ECF No. 49, ¶ 3.) Hall informed his manager, Kayla Schipper, who instructed him to follow the café's usual procedures for sewer backups. (ECF No. 47, ¶ 5, ¶ 6; ECF No. 48, ¶ 5; ECF No. 49, ¶ 5.) Hall then locked the doors to prevent new customers from entering. (ECF No. 47, ¶ 9; ECF No. 49, ¶ 6.) Schipper called a plumber and a cleanup contractor to fix the problem. (ECF No. 48, ¶ 6; ECF No. 50, ¶ 4.)

After Hall locked the doors, Keys arrived and asked to sit in the lobby of the café. (ECF No. 47, ¶ 12; ECF No. 49, ¶ 6.) Hall told him that the lobby was closed due to a sewer backup but that he could order at the drive through window. (ECF No. 47, ¶ 13; ECF No. 49, ¶ 6.) Keys questioned why other white customers were still in the lobby. (ECF

No. 47, ¶ 19.) Hall explained that those customers were inside before the backup was discovered and had not left yet. (ECF No. 47, ¶ 19, ¶ 20; ECF No. 49, ¶ 7.) Hall also prevented another customer from entering the lobby that day (Starbucks does not identify the race of this customer), and all customers eventually left as requested. (ECF No. 47, ¶ 17, ¶ 18, ¶ 21; ECF No. 49, ¶ 7.)

Keys disputes that there was a sewer backup in the café on December 9, 2021, and claims the door was locked to keep him out. (ECF No. 66, ¶ 5.) He also says he never told Hall he wanted to sit in the lobby. (*Id.*, ¶ 6.) Keys asserts that, when he asked Hall if he was being excluded because of his race, Hall responded, "Hey, you said it not me!" (*Id.*, ¶ 7.)

Keys further states that he saw a white woman enter the café before him, although he does not say how much earlier she entered the café. (ECF No. 65, ¶ 5; ECF No. 66, ¶ 3.) He also claims that Starbucks' "higher ups" told him they fired Hall and Schipper over this incident, although he does not say who told him this or when. (ECF No. 65, ¶ 8; ECF No. 66, ¶ 8.) Keys alleges he was prevented from entering and making a purchase because of his race, and that Starbucks violated his right to "make and enforce contracts" under § 1981.

### 4. Summary Judgment Standard

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

**5.  Analysis**

Keys alleges that Starbucks violated his right to "make and enforce contracts" under 42 U.S.C. § 1981 when he was denied entry to its café on December 9, 2021. (ECF No. 18.) Starbucks argues that Keys has no evidence of intentional discrimination or evidence that he was prevented from making a purchase at the café on that day. (ECF No. 45.)

**5.1. Section 1981**

To prevail on a § 1981 claim, a plaintiff must show that: "(1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract.)" *Morris v. Office Max*, 89 F.3d 411, 414 (7th Cir. 1996). A plaintiff alleging a § 1981 violation must prove that, "but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 341 (2020). The controlling question is "whether a reasonable jury could find prohibited discrimination." *Groves v. S. Bend Cmt. Sch. Corp.*, 51 F.4th 766, 770 (7th Cir. 2022).

Starbucks agrees that Keys has established the first element needed to prevail under § 1981 but argues that he cannot establish the second and third elements. (ECF No. 46 at 3.)

In opposing Starbucks' motion Keys filed three separate declarations. (ECF Nos. 65, 66, and 67.) The declarations mostly reflect his personal beliefs about why the café's doors were locked on December 9, 2021. But because Keys was never in the café, he has no personal knowledge as to whether the reason offered by Starbucks for locking the doors—a sewer backup—is true or not. *See* Fed. R. Civ. P. 56(c)(4) ("[A] declaration used to support or oppose a motion must be made on personal knowledge….") He claims Hall locked the doors to keep him out because he is African American, but that is just speculation on his part, and speculation does not create a genuine issue of material fact sufficient to defeat summary judgment. *See Karazons v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 337 (7th Cir. 1991); *see also Cleveland v. Porca Co.*, 38 F.3d 289, 295 (7th Cir. 1994) (holding that "statements of 'beliefs' or 'opinions' are insufficient to create a genuine issue of material fact").

A plaintiff may show discriminatory intent with circumstantial evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). However, to defeat summary judgment, circumstantial evidence must be "strong enough, taken as a whole, to allow the trier of fact to draw the necessary inference" and "allow the trier of fact to conclude that it is more likely than not that discrimination lay behind the adverse action." *Morgan v. SVT, LLC*, 724 F.3d 990, 996 (7th Cir. 2013).

Here, Hall's isolated, offhand remark, without more, is insufficient to establish discriminatory intent because it does not make it "more likely than not" that Hall denied

Keys entry into the café because of his race. *See Mehta v. Des Plaines Dev. Ltd.*, 122 Fed. Appx. 276, 279 (7th Cir. 2005) (holding that a supervisor's derogatory statement telling the plaintiff to "go back to the country where you came from" was insufficient to show discriminatory intent).

Nor do the hearsay statements which Keys attributes to Starbucks' "higher ups" directly indicate a discriminatory motive for Starbucks' actions. *See Elkhatib v. Dunkin Donuts, Inc.*, 493 F.3d 827, 830 (7th Cir. 2007) (holding that circumstantial evidence "must point directly to a discriminatory reason for the [] actions"). Even if Starbucks fired Hall and Schipper for this incident, that does not prove that Hall and Schipper closed the café to keep Keys out because of his race.

Because Keys has not presented sufficient evidence that would allow a jury to find that Hall's motive for denying Keys entry on December 9, 2021, was because of his race and not because of a sewer backup, Keys has not established the second element of a § 1981 claim.

Starbucks produced clear evidence of a race-neutral reason for its actions (that its sewer had backed up), and Keys offers no evidence suggesting that its reason was pretextual. *See Circle City Broad. I LLC v. AT&T Servs.*, 99 F.4th 378, 385 (7th Cir. 2024) (holding that to survive summary judgment, a plaintiff needs to "produce evidence permitting a finding that any pretextual explanations masked racial discrimination"). Although Keys claims he saw a white woman enter the café before him, this alone does

not establish that he was denied entry because of his race. *See Comcast Corp.*, 589 U.S. at 341 (holding that a plaintiff must prove but-for causation to prevail on a § 1981 claim). Without additional information about when the woman entered the café or whether the café was closed when she entered, no reasonable factfinder could conclude that Starbucks treated Keys any differently than other similarly-situated customers. *See Johnson v. PLS Fin. Sols. of Wis., Inc.*, No. 23-2392, 2024 U.S. App. LEXIS 4359, *4, 2024 WL 773598, *1 (7th Cir. Feb. 26, 2024) (upholding summary judgment where the plaintiff did not provide evidence that he was treated differently from customers in similar circumstances).

Importantly, Starbucks' business records show that on December 9, 2021, Schipper reported the sewer backup and called for remediation. (ECF No. 50-1.) Schipper and Hall both stated they closed the café for this reason. Nothing in the record suggests this explanation was a pretext for discrimination. *See Johnson v. Willy Street Co-op North*, No. 22-cv-81, 2025 U.S. Dist. LEXIS 58944, *12, 2025 WL 932770, *5 (W.D. Wis. Mar. 27, 2025) (granting summary judgment where plaintiff offered nothing to suggest that the defendant's asserted reason for denying him store vouchers was pretextual).

To survive summary judgment, Keys needed to offer evidence from which a reasonable jury could find that his race was the reason he was denied entry into the café. *See Anderson*, 477 U.S. at 248. Because he has not done that, Starbucks is entitled to judgment as a matter of law.

10

**IT IS THEREFORE ORDERED** that Starbucks' motion for summary judgment (ECF No. 45) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 28th day of October, 2025.

WILLIAM E. DUFFIN
U.S. Magistrate Judge